UNITED MOTORS SERVICE, INC., Appellant, v. M. A. HEINEN, doing business as the CENTRAL BATTERY & ELECTRIC COMPANY, Appellee.

No. 43022.

NOVEMBER 19, 1935.

Worthen & McConnell, for appellant.

860

Ralph Wm. Travis, for appellee.

DONEGAN, J.—The plaintiff was a corporation engaged in the wholesaling of automobile parts and supplies, with its principal place of business in the City of Detroit, Michigan. The defendant, M. A. Heinen, was engaged in the retailing of automobile parts and supplies under the trade-name "Central Battery & Electric Company" in the city of Waterloo, Iowa. It appears that some time prior to the year 1931 plaintiff and defendant began a course of dealing under written contracts, which were renewed from year to year, under which the plaintiff sold automobile parts and supplies to the defendant. Pursuant to these contracts, the plaintiff shipped parts and supplies therein referred to to the defendant, and the defendant proceeded to sell such parts in his store at Waterloo and made remittances to plaintiff at intervals during the years 1931 and 1932. Some time during the fall of 1932 the plaintiff became dissatisfied with the defendant as a distributor of its products, and there was some talk of terminating the contract and appointing a new distributor at Waterloo for the plaintiff's merchandise. At that time the defendant was indebted to the plaintiff for parts and supplies which he had received and there was a conversation between the defendant and a representative of the plaintiff in regard to the termination of the contract and the payment of the account. On or about the 7th day of December, 1932, the defendant shipped to the plaintiff, at Detroit, Michigan, certain of the automobile parts and supplies which he had received from the plaintiff, and which, according to his invoice, were of the net value of $1,188.64. The plaintiff refused to accept the goods thus returned, and, on the 15th day of August, 1933, commenced this action in which it claimed a balance of $622.05 as due it from the defendant. The defendant answered alleging the termination of the contract, that the plaintiff agreed to take back all of the merchandise which defendant had been handling for it at Waterloo and which the defendant had on hand at that time in full satisfaction of the amount claimed by plaintiff to be owing it by the defendant, and that such goods and merchandise of the invoice value of $1,188.64 were shipped to the plaintiff by defendant pursuant to such agreement on the 7th day of December, 1932. Upon the trial of the case, the plaintiff moved for a directed verdict at the close of all the

testimony. This motion was overruled, and, upon submission to a jury, a verdict was returned in favor of the defendant and judgment entered thereon. Thereafter a motion for new trial was filed and overruled by the court. From such judgment and the rulings of the court on its motion to direct a verdict and motion for a new trial, the plaintiff appeals.

The single question involved in this case is whether or not there was a valid agreement between the appellant and appellee in accordance with which the goods shipped to the appellant by appellee on December 7, 1932, should have been accepted by the appellant in full satisfaction of the amount claimed due against appellee. The written contracts between the parties contained a provision in regard to the return of goods by the appellee. It is not claimed, however, that the goods which were returned by the appellee in this case were returned under the provisions of such written contracts. It is claimed by the appellee that, in the course of the talk between him and a representative of the appellant, at the time the contracts were about to be terminated, the representative of the appellant offered to allow the appellee to return the goods which he had received from the appellant in satisfaction of appellant's claim against him. The appellant denies any such agreement, and as grounds for reversal states that there was not sufficient evidence to support a valid agreement for the return of such goods in satisfaction of the account, because the statement of the appellant's agent upon which the appellee relies did not constitute an offer of settlement, because there was nothing said or done by the appellee that constituted an acceptance of such alleged offer, and because the alleged agreement was without consideration as lacking in mutuality.

The burden of proving such alleged agreement was upon the appellee. The evidence offered by appellee in support of such agreement was that, in the conversation between the appellant's representative and appellee in regard to the termination of the written contracts and the payment of appellant's claim for merchandise, the representative of appellant said to appellee: "'You can do one of three things—pay the bill, return the merchandise, or beat the bill.'" It is the further claim of appellee that, in answer to this statement of appellant's representative, "I said I would either pay the account or return the merchandise." Appellant denies that the statement which ap-

pellee claims was made by appellant's representative was ever made, but contends that, even if this evidence be taken as true, the statement did not amount to an offer. Although appellee testified that the representative of the appellant who made the statement and two other representatives of the appellant were present at the time, and that the conversation lasted for 15 to 20 minutes, this is the only statement that he recalls in the conversation; and, although appellee's son claims to have been present at the time and to have overheard the conversation, this is the only statement in the conversation that the son recalls. There is no evidence on the part of the appellee as to this statement or the substance of it having been repeated at any other time. The goods which appellee returned were not sent to the appellant until December 7th, more than a month after the conversation is claimed to have occurred, but appellee claims in evidence that he made a list of these goods and sent it to appellant shortly after the date of the alleged conversation. Appellant contends that the statement upon which appellee relies as an offer, standing, as it does, by itself, cannot be given that effect; that the statement shows on its face that under it the appellant was offering the appellee the privilege of doing any one of three things: first, pay the bill; second, return the merchandise; third, beat the bill; that it is absurd to assume that the appellant was offering the appellee the option of beating the bill; that the appellant could not confer upon the appellee the option or privilege of paying the bill, because he already had that privilege without any offer on the part of the appellant; and that, if the statement as claimed was ever made, the whole statement must be considered and shows on its face that it was not an offer of settlement, but at most could have been only a statement by appellant's representative as to the different attitudes which the appellee might decide to take of his own volition with reference to the amount he owed to the appellant.

We think there is much to be said in favor of appellant's contention. The evidence shows that, under the written contracts between the parties, the appellee had the privilege of returning merchandise for credit subject to the conditions that the value of such returned goods should not exceed 5 per cent of the previous six months' purchases and that such returned goods be unused, in good condition, and not obsolete. It further shows that on October 28, 1932, which was after the date of the

alleged oral agreement, the appellee sent a list of the parts he wished to return to appellant for credit, and that this list differed from the list of goods which he sent to appellant when the goods were returned on December 7, 1932; that in November 1932, appellant gave appellee a list of goods which appellee could return and receive a credit of approximately $170; that, after appellee had sent appellant the October 28 list and after appellant had given appellee the list showing credits of $170, the appellee had conversations with appellant's representatives, but that neither in such conversations nor at any other time prior to December 7, 1932, did appellee make any reference to the appellant's alleged oral offer of settlement or any claim that he had a right to return all of the goods then on hand, which he had purchased from the appellant, in full settlement of the appellant's account against him. From the appellee's own testimony, it appears that the alleged offer of settlement under which he is claiming was made late in September or early in October. It is undisputed that the goods were not shipped by appellee until the 7th day of December, and a list of goods which was finally shipped was not mailed until the 8th day of December. Under all these undisputed facts and circumstances, we do not think that the bare statement which appellee claims was made by appellant's representative, even if this statement was ever made as claimed, can be construed as an offer of settlement under which appellant was bound to accept the parts and supplies shipped to it in full settlement of its account.

In view of our conclusion that the statement relied upon by the appellee was not sufficient to constitute an offer of settlement, it becomes unnecessary to devote any further discussion to the appellant's claim of the insufficiency of the evidence to show an acceptance or a sufficient consideration.

The motion to direct a verdict in favor of the appellant should have been sustained, and the judgment appealed from is therefore reversed.—Reversed.

KINTZINGER, C. J., and ALBERT, PARSONS, RICHARDS, and HAMILTON, JJ., concur.